FERDINAND REINEKING, JR., as Executor, etc., of FERDINAND REINEKING, Deceased, Respondent, v. EMBRO REALTY CORP., Appellant; MITCHELL FIELD DEVELOPMENT CO., INC., and Others, Defendants.— Order granting summary judgment striking out the answer in a foreclosure action modified as to the defendant appellant by denying the motion to strike out the denials in the answer; and as so modified, affirmed, without costs. The only issues are the amounts advanced by plaintiff's testator on certain mortgages, and the amount of any payments made thereon, so that the amounts due may be definitely determined. As to these issues there may be a trial before the court or a referee. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

RONNOC CONTRACTING CO., INC., and Others, Respondents, v. BANK OF HICKSVILLE, Appellant.— Order affirmed, with ten dollars costs and disbursements; examination to be held at the place designated in the order on five days' notice. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

GERTRUDE C. SOLEZ, as Executrix, etc., of CHESTER SOLEZ, Deceased, Appellant, v. BETHLEHEM ENGINEERING CORPORATION and Others, Respondents.— Action by plaintiff, as executrix, to recover damages resulting from the death of her testator through the claimed negligence of the defendants. Judgment dismissing the complaint on the merits at the end of the plaintiff's case unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.

ELISABETTA SQUAZZO, Appellant, v. THE TIMKEN SILENT AUTOMATIC COMPANY, Respondent.— In an action to recover damages for the defendant's repossession of property sold to plaintiff under a conditional sale contract, the buyer had paid more than fifty per cent of the purchase price when the property was retaken. There was no resale and it is admitted that the plaintiff is entitled to recover damages. The question is whether the acts of the defendant were those of retaking under the provisions of section 76 of the Uniform Conditional Sales Act and plaintiff is entitled to recover damages under section 80-e; or whether the defendant rescinded the contract of sale and became liable for damages under section 80-f. The trial court found that there was no rescission but that the acts of the defendant constituted a retaking of the peoperty. Judgment of the City Court of Yonkers unanimously affirmed, with costs to the respondent. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.